*392 OPINION.
Gkeen :
Briefly, the facts are that the petitioner corporation paid premiums on insurance policies on the lives of its two principal stockholders. The corporation was neither directly nor indirectly a beneficiary under these policies. An understanding was had between the officers whose lives were thus insured and the corporation or its stockholders, that, in event of the death of such officer, stock equal in value to the amount paid to the beneficiaries on such policies should be turned in to the corporation and by it distributed pro rata to the remaining stockholders. The record will not support a finding that the policies were taken out or the premiums thereon paid pursuant to a plan to, by such action, encourage the other stockholders to remain with the corporation as employees. If there was such a plan, there is no evidence from which we could determine to what extent the expenditure was for such purpose. Ultimately the remaining stockholders will derive, through the distribution of the stock of the deceased officer, a substantial benefit. Section 215(a) (4) of the Revenue Acts of 1924 and 1926 is inapplicable because petitioner is not either directly or indirectly a beneficiary under any of the policies, and it remains to be determined whether the amounts paid may be deducted under section 234(a)(1) of the Revenue Acts of 1924 and 1926, which are identical, and read as follows:
*393 (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity.
There is nothing in the record tending to establish that these expenditures were either “ordinary ” or “ necessary ” or that they meet the requirement that they were made “in carrying on any trade or business.” It seems to us that the expenditures were made largely, if not wholly, for the benefit of the surviving stockholders and that, therefore, they are not deductible under section 234(a) (1) above quoted.

Judgment will he entered for the respondent.